## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| A.J. a minor, by and through her NEXT FRIEND, LORI DIXON, and D. M. and B. M., minors, by and through their NEXT FRIEND, SHANNON MERS, <br><br> Plaintiffs, <br><br> vs. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA, A & A CONTRACTING GROUP LIFE INSURANCE PLAN, and A & A CONTRACTING, INC., PLAN ADMINISTRATOR. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case number 4:11cv708 TCM ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on a motion to dismiss filed by Unum Life Insurance Company of America (Unum), A & A Contracting Group Life Insurance Plan (Plan), and A & A Contracting, Inc., Plan Administrator (Administrator) (all collectively referred to as Defendants) [Doc. 19]. By this motion, Defendants seek dismissal, pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6), of the complaint filed by minors A. J., D. M., and B. M. by and through their next friends, Lori Dixon and Shannon Mers, (collectively referred to as Plaintiffs).

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

**Background**

The allegations of the complaint reveal that Robert J. Johnson (Decedent), the father of the minor Plaintiffs, died in a motor vehicle-motorcycle collision in which he was operating a motorcycle. (Redacted Compl. at 2 [Doc. 7].) Decedent was an employee beneficiary under the Plan, which, in relevant part, provided for benefits in the event of accidental death due to injury. (Id.) The Plan defined "accidental bodily injury" as "bodily harm resulting from accident and independently of all other cause[s]." (Id. at 3.) Decedent allegedly died as the result of accidental bodily injury as defined in the Plan. (Id.) Decedent had not named a beneficiary to receive Plan proceeds and did not, at the time of his death, have a spouse. (Id.) The Plan states that:

> If you do not name a beneficiary, or if all named beneficiaries do not survive you[], or if your named beneficiary is disqualified, your death benefit will be paid to your estate.
>
> Instead of making a death benefit to your estate, Unum has the right to make payment to the first surviving family members of the family members in the order listed below:
>
> -- spouse;
> -- child or children;
> – mother or father; or
> -- sisters or brothers.

(Id. at 3.)

Decedent's estate made a claim in September 2009. (Id.) In December 2009 Unum denied accidental death coverage on the ground Decedent had committed a crime, "not driving in a 'careful and prudent manner,'" that contributed to his death. (Id. at 4.) Plaintiffs'

-2-

counsel, who reportedly represents Plaintiffs with respect to Decedent's estate, allegedly did not receive the denial letter in time to appeal the decision, and the estate did not appeal the denial. (Id.)

In November 2010 Plaintiffs filed a claim and alternatively requested the opportunity to present additional evidence and appeal the denial of the estate's claim. (Id.) In a November 2010 letter, Unum advised Plaintiffs that "the children have no standing to file a claim under the policy as they are not beneficiaries. Unum has the right to treat the children as the beneficiaries but it is not required to do so. This claim is now closed." (Id. at 5.)

Plaintiffs then filed this lawsuit, alleging Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (Id. at 1-2.) Specifically, Plaintiffs allege that Defendants breached the Plan and violated ERISA by failing to pay accidental death benefits to Plaintiffs and by failing properly to investigate and review Plaintiffs' claim. (Id. at 5-6.) Plaintiffs seek a declaration that they are entitled to receive accidental death benefit proceeds under the Plan; an injunction requiring payment of all of those proceeds "and any other employee benefits owed" under the Plan; an award of prejudgment and postjudgment interest on any unpaid, past due benefits; and an award of reasonable attorney's fees and costs. (Id. at 7.)

Defendants move to dismiss the complaint under Rule 12(b)(1) on the ground Plaintiffs lack standing to pursue their ERISA claim and under Rule 12(b)(6) on the ground Plaintiffs failed to exhaust their administrative remedies regarding their ERISA claim. Plaintiffs oppose the motion.

**Discussion**

Defendants first urge that they are entitled to dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiffs lack standing in that they are not beneficiaries under the Plan. Plaintiffs counter that, as Decedent's children, they are in a class of potential beneficiaries which status grants them standing.

Rule 12(b)(1) provides for dismissal of a federal lawsuit for lack of subject matter jurisdiction. "[I]f a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." **ABF Freight Sys., Inc. v. International Bhd. of Teamsters**, 645 F.3d 954, 958 (8th Cir. 2011); accord **Wilson v. Southwestern Bell Tel. Co.**, 55 F.3d 399, 403 n. 3 (8th Cir. 1995) (the issue of "standing to sue under ERISA is a jurisdictional issue"). To pursue a civil action under ERISA, a plaintiff must be a participant in, beneficiary of, or fiduciary for the relevant ERISA plan. **Hastings v. Wilson**, 516 F.3d 1055, 1060 (8th Cir. 2008); 29 U.S.C. § 1132 (allowing a civil ERISA action to be brought by a participant, beneficiary, or fiduciary). Here there is no dispute that Plaintiffs are not participants in or fiduciaries for the Plan. Rather, the issue is whether Plaintiffs are beneficiaries of the Plan.

ERISA defines a "beneficiary" in relevant part as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Plaintiffs urge that they are "beneficiaries" under 29 U.S.C. § 1002(8) in that they are "persons . . . who may become entitled to a benefit" under the Plan because they, as Decedent's children, are within the group of family

members to whom proceeds could be paid under the explicit terms of the Plan. Specifically, Plaintiffs rely on the Plan language stating that if an unmarried decedent did not designate a beneficiary, such as Decedent here, and the plan administrator decided not to pay the benefits to the decedent's estate, then the plan administrator could pay the benefits to the unmarried decedent's children. (See Plan, Accidental Death & Dismemberment Insurance, AD&D-CLM-2 (2/1/2005), Redacted Ex. 1 to Compl. at 12 [Doc. 37].)

The "may become entitled" language in ERISA's definition of a beneficiary, 29 U.S.C. § 1002(8), is very similar to the "may become eligible" language in ERISA's definition of a "participant," 29 U.S.C. § 1002(7). See **Adamson v. Armco, Inc.**, 44 F.3d 650, 654 (8th Cir. 1995) (stating that "[a] participant or a beneficiary is defined in ERISA as someone 'who is or may become eligible to receive a benefit of any type from an employee benefit plan.' 29 U.S.C. §§ 1002(7), (8)"). In **Firestone Tire and Rubber Co. v. Bruch**, 489 U.S. 101, 117-18 (1989), the United States Supreme Court interpreted ERISA's definition of a "participant" to require, in relevant part, that a person urging that "he or she may be eligible for benefits, . . . must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." Due to the similarity of the "may become entitled" language in the statutory definition of a "beneficiary" to the language interpreted in **Bruch**, the Court will apply the **Bruch** interpretation to the statutory definition of "beneficiary." See **Adamson**, 44 F.3d at 654 (8th Cir. 1995) (applying Bruch to "this statutory definition" in 29 U.S.C. §§ 1002(7), 1002(8)). Applying that

interpretation, beneficiaries may pursue an ERISA claim on the ground they may become entitled to benefits under an ERISA plan only when they have "a colorable claim that (1) [they] will prevail in a suit for benefits, or that (2) [entitlement] requirements will be fulfilled in the future."

Under this test, Plaintiffs are not beneficiaries and lack standing to pursue their ERISA claim. Unum considered and ultimately denied the claim of Decedent's estate to accidental death benefits, and that denial was not due to Unum's decision to pay benefits to Decedent's children. Rather, Unum denied the estate's claim to benefits upon concluding that conduct of Decedent leading to his death precluded an award of accidental death benefits. Therefore, it is clear that Unum chose Decedent's estate, rather than Decedent's children, as the recipient of any accidental death benefits. That choice was made in accordance with the terms of the Plan, which expressly allow Unum to choose either the estate or Decedent's children, but not both, as the recipient of accidental death benefits. Because Unum did not choose to consider Decedent's children as the recipients of any accidental death benefits at the time it considered making such an award, Plaintiffs are not able to either prevail in this lawsuit for benefits or to fulfill in the future the requirements for being entitled to any accidental death benefits under the Plan.

Plaintiffs also urge that they have standing as beneficiaries of Decedent's estate. Being a beneficiary of a decedent's estate does not, however, satisfy the definition of beneficiary for purposes of ERISA, 29 U.S.C. § 1002(8), because the estate is not an "employee benefit plan."

Having concluded that Plaintiffs lack standing to pursue this action, the Court will grant Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and will not further address Defendants' motion to dismiss to the extent it seeks dismissal for Plaintiffs' failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

After careful consideration,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss [Doc. 19] is **GRANTED**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of October, 2011.